IN THE DISTRICT COURT IN AND FOR
THE SOUTHERN DISTRICT OF ILLINOIS

CASE NO.

VALERIE MORGAN,

      Plaintiff,

v.

PDL SUPPORT.COM, LLC,

      Defendant.

_____/

## NATURE OF ACTION

1.     This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4.     Plaintiff, VALERIE MORGAN ("Plaintiff"), is a natural person who at all relevant times resided in the State of Illinois, County of St. Clair, and City of Swansea.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     Defendant, PDL SUPPORT.COM, LLC, ("Defendant") or ("PDL") is a limited liability corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

11.     In connection with collection of an alleged debt in default, Defendant called Plaintiff's cellular telephone on July 29, 2011 at 8:17 A.M., and at such time, left the following voicemail message:

> "Hi Valerie, this is Stacy with PDL Support calling in regards to the account you have with the V.I.P Loan Shop. Currently it is past due and I want to see if you would be interested in setting up some payment arrangements or possibility do a settlement?  Please call me back at 866-722-2770 and ask for Stacy. Thank you and have a great day."

12.     In its voicemail message of July 29, 2011, Defendant failed to notify Plaintiff that the communication was from a debt collector.

13.     In failing to disclose that Defendant is a debt collector, Defendant failed to meaningfully disclose its identity in its voicemail message of July 29, 2011. Defendant claimed the debt was from $281.64 owed to AT&T Mobility and $50.70 for collection costs.

14.     Defendant called Plaintiff's cellular telephone on August 2, 2011 at 10:30 A.M., and at such time, left the following voicemail message:

> "Hello this is PDL Support. We have an important update regarding your account. If you could please give us a call back at our toll free number 866-722-2770 option 5. Again, that number to reach us at is 866-722-2770 option 5. Thank you and we look forward to speaking with you."

15. In its voicemail message of August 2, 2011, Defendant failed to notify Plaintiff that the communication was from a debt collector.

16. In failing to disclose that Defendant is a debt collector, Defendant failed to meaningfully disclose its identity in its voicemail messages on August 2, 2011.

17. Defendant called Plaintiff's cellular telephone on August 3, 2011 at 10:40 A.M., and at such time, left the following voicemail message:

> "Hello this is PDL Support. We have an important update regarding your account. If you could please give us a call back at our toll free number 866-722-2770 option 5. Again, that number to reach us at is 866-722-2770 option 5. Thank you and we look forward to speaking with you."

18. In its voicemail message of August 3, 2011, Defendant failed to notify Plaintiff that the communication was from a debt collector.

19. In failing to disclose that Defendant is a debt collector, Defendant failed to meaningfully disclose its identity in its voicemail messages on August 3, 2011.

20. Defendant called Plaintiff's cellular telephone on August 11, 2011 at 11:51 A.M., and at such time, left the following voicemail message:

> "Hello this is PDL Support. We have an important update regarding your account. If you could please give us a call back at our toll free number 866-722-2770 option 5. Again, that number to reach us at is 866-722-2770 option 5. Thank you and we look forward to speaking with you."

21. In its voicemail message of August 11, 2011, Defendant failed to notify Plaintiff that the communication was from a debt collector.

22.     In failing to disclose that Defendant is a debt collector, Defendant failed to meaningfully disclose its identity in its voicemail messages on August 11, 2011.

23.     Defendant called Plaintiff's cellular telephone on August 12, 2011 at 10:38 A.M., and at such time, left the following voicemail message:

> "Hello this is PDL Support. We have an important update regarding your account. If you could please give us a call back at our toll free number 866-722-2770 option 5. Again, that number to reach us at is 866-722-2770 option 5. Thank you and we look forward to speaking with you."

24.     In its voicemail message of August 12, 2011, Defendant failed to notify Plaintiff that the communication was from a debt collector.

25.     In failing to disclose that Defendant is a debt collector, Defendant failed to meaningfully disclose its identity in its voicemail messages on August 12, 2011.

26.     Defendant called Plaintiff's cellular telephone on August 16, 2011 at 12:25 P.M., and at such time, left the following voicemail message:

> "Hello this is PDL Support. We have an important update regarding your account. If you could please give us a call back at our toll free number 866-722-2770 option 5. Again, that number to reach us at is 866-722-2770 option 5. Thank you and we look forward to speaking with you."

27.     In its voicemail message of August 16, 2011, Defendant failed to notify Plaintiff that the communication was from a debt collector.

28.     In failing to disclose that Defendant is a debt collector, Defendant failed to meaningfully disclose its identity in its voicemail messages on August 16, 2011.

## COUNT I

29.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 28.

30.     Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a)  Adjudging that Defendant violated  15 U.S.C. § 1692e(11);

   b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

31.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 28.

32.     Defendant violated 15 U.S.C. § 1692d(6) by placing a telephone call without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a)  Adjudging that Defendant violated  15 U.S.C. § 1692d(6);

   b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be
allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

33.    Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 9th day of December, 2011.

Respectfully submitted,
**VALERIE MORGAN**

By:   s/ Alex Weisberg
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com